# Best, Appellant, *v.* Best.

*Divorce—Adultery—Condonation—Evidence.*

On a libel for divorce, the court in this case, without reference to a master, found (1) that the evidence, which was conflicting and irreconcilable, failed to prove that the respondent was guilty of adultery; and (2) that, subsequent to the times on which the alleged adulterous acts were committed, the husband, claiming to have knowledge of the offence, condoned it by conjugal relations with the respondent.

Argued May 2, 1894. Appeal, No. 467, Jan. T., 1894, by libellant, John A. Best, from decree of C. P. Warren Co., Dec. T., 1892, No. 32, in favor of respondent, Julia B. Best, dismissing libel in divorce. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Libel in divorce.   Before NOYES, P. J.

The case was heard on libel, answer and proofs.   The evidence was taken before the court stenographer as examiner, and no reference was made to a master.   The court, after reviewing the facts and the evidence, in an elaborate opinion of over twenty pages, concludes as follows:

" Though the same measure of proof is not required which is applied in criminal cases, yet before we can make a decree, the effect of which will be to blast the reputation and ruin the life of the respondent, we must be reasonably satisfied of her guilt.   We cannot be so unless we can accept with confidence the testimony of Robert Stewart and his wife, and this, under the facts disclosed in this case, we cannot do.

" Even if we were to conclude that the respondent was really guilty of adultery with Hugh Wilson, the evidence falls little if any short of what would be necessary to justify us in finding that this result was directly produced by the temptations with which she was surrounded by the Stewarts and her husband, with a view of producing that result, and this would be equally fatal to the libellant's case.

" With respect to the alleged condonation, the evidence preponderates, though not very strongly, in favor of the respondent, in her allegation that . . . after full knowledge of all the facts now known to him, the libellant admitted her into conjugal embraces, which is, by the express provisions of the act of assembly, a positive bar to a divorce for her adultery.

" For these reasons the divorce must be refused.

" It is a satisfaction to know that in this case, which involves scarce any legal question but simply the determination of matters of fact usually submitted to a jury of unlearned men, the judgment of my associates is the same as mine.   Both of them have carefully read all the testimony, and reflected upon it independently.   Both heard the argument for the libellant, but neither heard the very able and convincing argument on the part of the respondent.   Though not agreeing, as we now find, in our first impressions—for I must confess mine were in favor of the libellant—reflection and further study, without consultation or influence over each other, has brought us all to the same conclusion."

1894.]            Assignment of Error—Opinion of the Court.

*Error assigned* was exceptions to findings of facts (1) that respondent did not commit adultery; (2) that there was a conspiracy; (3) condonement; and (4) to the decree; quoting them all in one assignment.

*Wm. Schnur, W. W. Wilbur* and *H. J. Muse* with him, for appellant.

*W. M. Lindsey J. O. Parmlee* with him, for appellee.

PER CURIAM, May 14, 1894:

This case depended on questions of fact, as to some of which there appears to be such an irreconcilable conflict of testimony as to make it necessary for the court below, in ascertaining the facts, to pass upon the credibility of some of the witnesses. The painstaking care with which the case was considered and the issues of fact determined is best attested by the clear and convincing opinion of the learned president of the court. Our examination of the record, including the testimony, has satisfied us that his conclusions of fact are substantially correct, and should therefore be accepted as verity. There is nothing in either of the specifications of error that requires further consideration. They have been sufficiently discussed in the opinion referred to; and on it we think the decree dismissing the libel should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by the libellant.