ANNA G. WHITE, complainant and appellant,

*v.*

J. LOUIS WHITE, defendant and respondent.

[Argued November 22d, 1916. Decided March 5th, 1917.]

The wife's adultery, committed with the collusion or consent of the husband, is not such a "justifiable cause" within the meaning of. *P. L. 1907 p. 482 § 26; 2 Comp. Stat. p. 2038*, of the Divorce act, as will relieve the husband from the duty of supporting his wife.

On appeal from the court of chancery.

*Messrs. Howe & Davis,* for the complainant-appellant.

*Messrs. Lum, Tamblyn & Colyer,* for the defendant-respondent.

The opinion of the court was delivered by

BLACK, J.

The record in this case presents but a single problem for solution, viz., whether adultery committed by the wife with the collusion or consent of the husband is such a "justifiable cause" under section 26 of the Divorce act of 1907, page 482 (*2 Comp. Stat. p. 2038*), as relieves him from the duty of supporting her. The wife, in this case, filed a bill in the court of chancery against her husband, for suitable support and maintenance of herself and children. After a hearing in the court of chancery a decree was entered dismissing the bill, on the ground, as stated by the learned vice-chancellor before whom the case was heard, of the adultery of the wife. The principle of law applied by the trial court was, that where the parties to a controversy are *in pari delicto,* the court will not lend its aid to either, as long as the delinquency continues, citing with approval the case of *Hawkins* v. *Hawkins, 193 N. Y. 409,* in the New York court of appeals.

We do not agree with the conclusion reached by the court of chancery. The case of *Hawkins* v. *Hawkins, supra,* is not applicable, as an authority in this case. First, because the statute under which it was decided is essentially different from the New Jersey statute. The New York statute (*Code of Civil Procedure § 1765*) provides, in such an action "the defendant may set up," in justification, "the misconduct of the plaintiff," while in our statute the words "justifiable cause" are used. That case turned upon a matter of statutory policy, as construed by the court. Second, the dominant fact in this case, viz., the collusion or consent of the husband to the wife's adultery was absent in

that case. There, the bare fact that each of the parties had committed adultery, stood alone, without collusion.

The record further shows in this case the husband filed a bill in the court of chancery against the wife, charging adultery. This bill for divorce by the husband was dismissed by the court of chancery and a divorce refused, the court holding, that although the adultery by the wife was proved in the case, the adultery was committed with the collusion or consent of the husband. *White* v. *White, 95 Atl. Rep. 197.* The decree of the court of chancery was affirmed by this court. *White* v. *White, 84 N. J. Eq. 512.* The divorce statute, under which the bill was filed in this case by the wife, provides—

"in case a husband, without *justifiable cause*, shall abandon his wife or separate himself from her, and refuse or neglect to maintain and provide for her, it shall be lawful for the court of chancery to decree and order such suitable support and maintenance."

*P. L. 1907 p. 482 § 26; 2 Comp. Stat. p. 2038.* The decision of this case, therefore, turns upon the meaning and application of the words "justifiable cause."

We think when the wife's adultery is brought about by the collusion of the husband, or by his consent, the adultery of the wife in such a case is not that justifiable cause which under the statute will relieve the husband from his duty of providing a suitable support and maintenance for his wife and children. She is still, in law, his wife, and has certain legal rights, one of which is a right of support from her husband, unless it is cut off by the statute. In morals he cannot shield himself from the performance of that duty, by his own wrongful conduct toward her, which helped to bring about her unfaithfulness.

It is not controverted, that the rights and obligations of the parties in other respects, such as property rights, remain the same, unless modified by statute. The relation of husband and wife, though formed by contract, is something more than a contract. The husband and wife cannot contract to disregard their marital obligations. They cannot contract to dissolve the relationship. The relation is always regulated by government.

*Wade* v. *Kalbfleisch, 58 N. Y. 282.* It would be both illogical and immoral to permit a husband to consent or to connive at his wife's adultery, and then permit him to use the adultery of his wife as a shield or excuse to shirk his duty to society, by relieving him from providing a support for her, under the guise of a "justifiable cause," the result of his collusion or consent. Justifiable means warrantable, defencible. Thus, we speak of justifiable homicide, as a homicide without legal guilt, so, here, a justifiable cause, which will relieve the husband from his legal obligation to maintain and provide for his wife, is a cause, which he has not helped to create, a result that has not been produced, in part, at least, by his own misconduct, an adultery of the wife, free from legal guilt or connivance on his part.

The decree of the court of chancery is reversed, the case remitted to that court, to dispose of in accordance with the views expressed in this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.