Commonwealth (ex rel., Appellant) *v.* Crabb.

Argued April 26, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton,* and *John B. Conly,* for appellant.

*R. B. Ivory, Jr.,* of *Ivory & Ivory,* for appellee.

OPINION BY JAMES, J., October 2, 1935:

This is a nonsupport proceeding under the Act of April 13, 1867, P. L. 78, (18 PS §§1251-1255) upon the

information of the wife, P. Zora Crabb, charging her husband with desertion and nonsupport, which finally resulted in an order made May 25, 1932, directing the defendant, Silas F. Crabb, to pay his wife $100 per month.

On March 24, 1933, the defendant filed a petition for discontinuance of the allowance and on April 17, 1933 after hearing, the court found that the wife had been living in meretricious relations with one Frank Bonnett, and revoked the order for support. On April 21, 1933, the wife filed a petition to reopen the case, which eventually was granted. The prosecutrix filed requests for findings of fact substantially as follows: That during the spring of 1929, the defendant lived in open adultery with one Irene Queen which was the cause for the separation of the prosecutrix and the defendant; that during the years 1930 and 1931, the defendant lived in adultery with several other women and that during 1930 and 1931, the defendant lived in open adultery with Mrs. Iva C. Garvin. These requests were not denied and were held to be admitted by the defendant. Subsequently, the order of April 17, 1932 was reaffirmed and all orders of support revoked and set aside, to which exceptions were filed but were dismissed by the court en banc.

The Act of April 13, 1867, P. L. 78, §1, provides that: "if any husband ...... being within the limits of this Commonwealth has or hereafter shall separate himself from his wife ...... without reasonable cause or shall neglect to maintain his wife," proceedings may be instituted before a committing magistrate, and Section 2 provides that after hearing the court shall order the husband to pay such sum as said court shall think reasonable and proper. Such order as may be made in nonsupport cases has never been regarded as a final order, inasmuch as it may be increased, reduced or vacated upon proper cause shown, such as change in

the financial condition of the parties or for such reasons as in the reasonable discretion of the court may seem proper. Undoubtedly, the original order of support, upon proof of the infidelity of the husband was fully warranted, but the misconduct of the husband did not justify the wife to conduct herself in such a manner as made her unworthy of the support of her husband. The order of support is predicated not only upon the fact that she is worthy at the time of its entry, but that she continues to be worthy during its pendency. As well stated in the court's opinion: "We are at a loss to understand why or how the effect of the husband's adulterous relations can be construed to allow or import leave, license or excuse to the wife to subsequently enter into similar relations."

Appellant relies upon the rule that the only reasonable cause justifying a husband in refusing to support his wife is conduct on her part which would be a valid cause for a decree in divorce: Com. ex rel. v. Herman, 95 Pa. Superior Ct. 510, 514, 515, and that the defendant has no cause for divorce because by the Act of May 2, 1929, P. L. 1237, §52, (23 PS §52), it is provided that: "In any action or suit for divorce for the cause of adultery, if the respondent shall allege and prove, or it shall appear in evidence, that the libellant has been guilty of a like crime, ...... it shall be a good defense and a perpetual bar." The rule relied upon does not go so far as to hold that the husband must be innocent of any conduct which would be a bar to the cause for divorce. Under the facts as established, neither of the parties could have obtained a divorce, but that does not establish that the conduct of the appellant did not constitute a valid cause for divorce. A wronged husband or wife may have a valid cause yet their subsequent conduct, such as by collusion or cohabitation, bars their right to a divorce and where the cause is adultery a like offense is a perpetual bar.

The precise question has not been passed upon by our courts. In the case of Hawkins v. Hawkins, 86 N. E. 468, the Court of Appeals of the State of New York under statutory proceedings for support which provide that defendant might set up in justification the misconduct of the plaintiff, it was held that a wife who has committed adultery is, notwithstanding the fact that her husband has been likewise guilty of adultery, not entitled to judgment of support. In the majority opinion by HISCOCK, J., and the dissenting opinion by CULLEN, C. J., the conflicting views and decisions both of the State of New York and England and Ireland are fully set forth. In the majority opinion it was emphasized: "It is also to be borne in mind that this is not a case where the husband has been continuing and living in profligacy while he cast his wife off for a single offense," and in the dissenting opinion it was stated: "The burden was therefore upon the defendant to show that his wife's misconduct was of such a nature or so far exceeded his own in moral obliquity as to justify him in turning her off. No proof of the kind appears in the record. No finding to that effect has been made or requested. We have here the bare facts that the plaintiff committed an act of adultery and that defendant also committed an act of adultery. These facts standing alone, I say, do not justify the defendant's refusal to support his wife." We are not to be understood as holding that where both parties have been guilty of misconduct, that the misconduct of the wife shall be an absolute bar to support proceedings; nor is the court called upon to balance against each other their mutual misdeeds, but where, as in the present proceedings, the court in its reasonable discretion denied support, we shall not disturb the order.

Judgment affirmed.