## Callen *v.* Callen, Appellant.

Argued April 11, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Archibald M. Matthews,* for appellant.

*Paul E. C. Fike,* with him *Joseph N. Cascio,* for appellee.

OPINION BY ARNOLD, J., July 15, 1949:

The wife-respondent appeals from a decree of divorce. The case was referred to a master, who found that she had committed adultery, and that she had offered indignities to her husband such as to render his condition intolerable and life burdensome. The court below made an independent examination of the evidence, overruled exceptions to the master's report, and entered a decree in favor of the husband. After making a similar scrutiny of the testimony, we fully concur.

At the time of hearing the libellant was 58 years of age and the respondent some 14 years younger. The parties were married in 1928 and no children were born to the marriage.

The evidence clearly established that the respondent was improperly interested in a number of other men, among them Dominic Vespa, William J. Bantley and Raymond Slagle; that an unidentified man spent several nights with her, and she was seen going to bed with him. Her testimony was given from a memorandum written by her just before the hearing. Her denials are not credible, and her attempted rationalization of a love letter written to Bantley is unbelievable. At the time of the hearing she was living in an apartment owned by Slagle. In view of her repeated demonstrations of affection for him, her explanation that she was residing with her son, an employe of Slagle, is not persuasive. She further testified that any affection for her husband was considerably lessened after 1941, when he discharged her son from his employ for stealing.

During the hearing before the master a question arose concerning the ability of a witness to see into re-

spondent's bedroom. The master asked if it would be proper for him to examine the premises, and libellant's counsel then offered in evidence the entire physical structure of the building, without objection by the respondent's counsel. At an adjourned hearing the master asked if it was desired that he report the result of his investigation, and respondent's counsel said: "Naturally if the Master made a visit." The master then dictated into the record the result of his inspection, and this is assigned as error. But the actual complaint is not to the inspection, but that it demonstrated that the witness could have seen into respondent's bedroom, as he had testified. We find no merit in this assignment.

As to the indignities, these were well established,—consisting, inter alia, of public drunkenness in the company of other men and the use of vile language toward her husband, both of which were corroborated by her own witness. We regard the testimony in behalf of the libellant as clear and convincing, and we are of the opinion that he neither provoked the indignities nor caused her intoxication.

Decree affirmed.