Commonwealth, Appellant, v. Callen.

Argued April 11, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Archibald M. Matthews*, with him *Thomas F. Lansberry*, District Attorney, for appellant.

*Paul E. C. Fike*, with him *Joseph N. Cascio* and *Fike & Cascio*, for appellee.

OPINION BY ARNOLD, J., July 15, 1949:

This is a companion case to *Callen v. Callen*, 165 Pa. Superior Ct. 161, 67 A. 2d 609, a divorce action in which the decree granted the libellant-husband was affirmed by an opinion filed this day.

Callen and his wife had frequent difficulties and in May, 1943, he had withdrawn from her home because of her conduct. In February, 1944, he yielded to her persuasions to return. In March, 1946, he left perma-

nently. In so doing he was fully justified. She went to live in an apartment owned by one Slagle, whose name figured prominently in the divorce action, although she claimed to be living with her son, Slagle's employe.

On October 2, 1947, he applied for a divorce, charging indignities, and subsequently amended the libel to include the charge of adultery. The day before the libel was filed she started a criminal prosecution against him for desertion and nonsupport, and on November 10, 1947 (the divorce action being then pending in the common pleas) the court of quarter sessions entered an order: ". . . by *agreement* between [the parties], it is ordered . . . that the defendant pay *temporarily* . . . for the support of his wife the sum of One Hundred ($100.00) dollars per month . . ." (Italics supplied). At this time Callen had not known of his wife's adultery. On June 12, 1948, he petitioned the quarter sessions to vacate the temporary order on the ground that his wife was living with Slagle. A rule was issued and an answer filed, but the matter remained dormant.

On March 6 the master filed his report in the divorce case, recommending an absolute divorce on the ground of adultery and indignities. The wife's exceptions were overruled and the court of common pleas, after an independent examination of the testimony, entered a final decree on September 8, with an opinion. On appeal by the wife we affirmed.

On September 14, 1948, the court of quarter sessions entered an order in the nonsupport action: "Now, September 14, 1948, the order of support heretofore made upon the defendant . . . is now *suspended* from and after the date of the decree in divorce, to-wit: the 8th day of September, 1948." (Italics supplied.) The respondent filed an exception that she *intended* to take an appeal in the divorce action. At the time the court suspended the support order no such appeal was pending, but it was entered on September 18, 1948.

After taking the appeal in the divorce action the wife did not petition the quarter sessions to reinstate the support order. If she had, the quarter sessions would undoubtedly have had testimony taken; and if the testimony had convinced that court that she was guilty of adultery, her husband could not be compelled to support her: *Commonwealth ex rel. Crabb v. Crabb,* 119 Pa. Superior Ct. 209, 180 A. 902; and we would reverse the order of that court only for an abuse of discretion. The wife did not petition the common pleas for alimony pendente lite, and this she could have done even if an appeal from the divorce decree had been taken: *White v. White,* 106 Pa. Superior Ct. 85, 161 A. 464; *Foust v. Foust,* 144 Pa. Superior Ct. 513, 19 A. 2d 517. If she had so petitioned, the matter of granting her alimony pendente lite was within the sound discretion of the court. It is highly doubtful whether that court would have granted such alimony, it having been convinced that she was guilty of adultery. In any event we would have reviewed such an order to determine any abuse of discretion.

We think the court of quarter sessions conformed exactly to the proper practice. Somerset County has but one judge, who presides in both the quarter sessions and the common pleas. When the judge had, in the court of common pleas, passed upon the divorce action and was convinced that the wife had committed adultery, the same judge in the quarter sessions was quite justified in *suspending* the support order; whereupon the wife, after the appeal in the divorce case, could have applied for reinstatement of the support order, or for alimony pendente lite in the divorce case.

It is true that in many respects an appeal from a decree in divorce supersedes the decree. However, no case in the books holds that the *suspension* of an order of support is superseded by a *subsequent* appeal from a decree in divorce. The Act of 1939, P. L. 440, 17 PS

§263, provides: "Any order . . . made by any court of this Commonwealth for the support of a wife, . . . may be altered, . . . *suspended,* increased, or amended, . . . as the case may warrant." (Italics supplied.) Thus the court of quarter sessions was given express power to suspend the order. The reason for the suspension was a decree in divorce on the ground of adultery, which at that date had not been appealed from. The court obviously was guilty of no abuse of discretion.

We are not in accord with the theory that, in *all* cases where a wife-respondent takes an appeal from a decree of divorce, ipso facto a prior support order *must* be continued operative. The court of quarter sessions has a discretion, reviewable by us, to amend or suspend that order. This is well illustrated in the present case in which it is contended that by the mere taking of an appeal in a divorce action the respondent-appellant, though found guilty of adultery by the court below and by this Court, shall be automatically entitled to receive $1,000, i.e., the accumulated monthly installments for support.[1] Incidentally, we think that the better practice in these cases would be for the quarter sessions always to suspend its order so far as the wife-respondent is concerned, and relegate her to an application for alimony pendente lite in the common pleas. If this is done, both matters can be reviewed in one appeal. It is erroneous to suppose that a man must support his wife unless he obtains a divorce. The true rule is that if her conduct furnishes him a valid ground for divorce, no support order should be made: *Commonwealth v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266.

Order affirmed.

---

[1] It may be noticed that in the divorce action (and this is typical) the wife-respondent applied to the court below for an allowance for attorney fees and the costs of printing the brief and record. Thus her "return" in the nonsupport action would have been *net* if the court had not suspended the order.