Commonwealth ex rel. Brobst, Appellant, *v.* Brobst.

Submitted March 24, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Hervey B. Smith* and *Smith & Eves*, for appellant, submitted a brief.

*Donald A. Lewis*, for appellee, submitted a brief.

OPINION BY RHODES, P. J., April 14, 1953:

This is an appeal by Bertelle B. Brobst, wife of the defendant, John C. Brobst, from an order of the Court of Quarter Sessions of Columbia County vacating an order of support previously entered against defendant.

On March 27, 1950, appellant instituted proceedings against defendant for nonsupport. After hearing, the court directed defendant to pay appellant $60 per month.

On August 14, 1950, defendant filed his complaint in divorce against appellant charging adultery. The master to whom the matter was referred recommended a decree of divorce be granted on that ground. Exceptions were dismissed and the Court of Common Pleas of Columbia County entered a decree of divorce. The present appellant (defendant in the divorce action) then appealed to this Court. We reversed the decree and dismissed the complaint, as we found that John C. Brobst, the plaintiff in the divorce action and defendant in the nonsupport proceedings, "was likewise guilty of adultery," and that the court below erred in concluding the defense of recrimination was not established. *Brobst v. Brobst,* 171 Pa. Superior Ct. 499, 90 A. 2d 320 (July 17, 1952).

On October 20, 1952, defendant filed a petition in the Court of Quarter Sessions of Columbia County for modification of the support order which had been entered on March 27, 1950. The petition set forth that

defendant's financial condition had changed, and that the prosecutrix (appellant) had committed adultery with one Louis Gazda on August 13, 1950. At the hearing on the petition to modify on November 21, 1952, testimony was introduced as to defendant's earnings, and the record of the divorce action at No. 372, May Term, 1950, in the Court of Common Pleas of Columbia County, and in the Superior Court at No. 34, February Term, 1952, was offered in evidence.

On February 16, 1953, the court below found that "the prosecutrix [appellant] did commit adultery with one Louis Gazda on the 13th day of August, 1950, which date is subsequent to the entry of the order of support . . . ," and vacated and set aside the support order. See Act of June 19, 1939, P. L. 440, No. 250, 17 PS §263.

Appellant on appeal to this Court questions the sufficiency of the evidence on the hearing for modification of the support order to warrant the court's finding that she had committed adultery, and contends that the court below in entering the order to vacate abused its discretion. The evidence was clearly sufficient to justify the court's action. It appears appellant and a man by the name of Louis Gazda spent several hours in a tourist cabin between Almedia and Lime Ridge in Columbia County on August 13, 1950. Defendant testified that they entered this cabin after midnight on August 12, 1950, and occupied it until 9 a.m. on August 13, 1950. Other witnesses testified that appellant came out of the cabin, got in her car and drove away about 9 o'clock on the morning of the 13th, and that shortly thereafter Louis Gazda came out of the cabin. Furthermore, the names of "Mr. and Mrs. Gazda" appeared on the registry book of the owner of the cabin. It was not necessary to rely on the testimony of defendant to show the nature of appellant's

conduct. The finding of the court below in this non-support proceeding is not inconsistent with our opinion in *Brobst v. Brobst,* supra, 171 Pa. Superior Ct. 499, 500, 90 A. 2d 320, where, in reversing the decree in favor of the husband, John C. Brobst, we said: "It is neither necessary nor desirable for us to relate in detail the sordid and reprehensible conduct of the defendant for, assuming, arguendo, that the plaintiff has made out a case of adultery, the record also is replete with sufficient evidence from disinterested witnesses establishing that plaintiff was likewise guilty of similar conduct which under §52 of The Divorce Law is a perpetual bar."

Appellant's conduct was a sufficient ground for divorce, and in vacating the support order the court below did not abuse its discretion under the circumstances. See *Com. v. Callen,* 165 Pa. Superior Ct. 163, 166, 67 A. 2d 610. The fact that a husband's own conduct may preclude a divorce from a wife who has committed adultery does not necessarily preserve the legal duty to support her.

In *Com. ex rel. Crabb v. Crabb,* 119 Pa. Superior Ct. 209, 211, 212, 180 A. 902, 903, involving a comparable situation, we made this applicable statement: "Undoubtedly, the original order of support, upon proof of the infidelity of the husband was fully warranted, but the misconduct of the husband did not justify the wife to conduct herself in such a manner as made her unworthy of the support of her husband. The order of support is predicated not only upon the fact that she is worthy at the time of its entry, but that she continues to be worthy during its pendency. . . . Under the facts as established, neither of the parties could have obtained a divorce, but that does not establish that the conduct of the appellant did not constitute a valid cause for divorce. A wronged husband or wife

may have a valid cause yet their subsequent conduct, such as by collusion or cohabitation, bars their right to a divorce and where the cause is adultery a like offense is a perpetual bar. . . . We are not to be understood as holding that where both parties have been guilty of misconduct, that the misconduct of the wife shall be an absolute bar to support proceedings; nor is the court called upon to balance against each other their mutual misdeeds, but where, as in the present proceedings, the court in its reasonable discretion denied support, we shall not disturb the order."

Order is affirmed.