Commonwealth *v.* Sanders, Appellant.

Submitted April 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before ANDERSON, J.

*Norman T. Petow,* for appellant.

*Frank B. Boyle,* District Attorney, for appellee.

OPINION BY WATKINS, J., September 11, 1958:

This is an appeal from an order of the Court of Quarter Sessions of York County directing the appellant, Curvin J. Sanders, to pay $22.50 per week for the support of his wife, Winnie Sanders, until further order of court.

The parties were married on March 9, 1936. They have one married son. The husband is employed as a truck driver and has been so employed for the past 11 years. They separated on August 25, 1950.

The record discloses a conflict as to the cause of the separation. The wife contends that the separation was brought about by her husband's excessive drinking. The husband claims he left his wife because of a picture taken of her and a Mr. Frock in an affectionate pose.

The wife denies that the picture was the cause of the separation, yet, admits that two months later she spent the night with Mr. Frock. There is ample evidence in the record to support the charge of adultery against the wife. *Connor v. Connor*, 168 Pa. Superior Ct. 339, 77 A. 2d 697 (1951). This adulterous relationship continued for four or five years after its inception. There is no question that during this time the husband had good cause for divorce and at that time had no duty to support his wife. *Com. v. Callen*, 165 Pa. Superior Ct. 163, 67 A. 2d 610 (1949). But during this entire time he never brought any action and she did not seek support. Nor from the time of the separation did he contribute anything to the support of his wife. The wife testified, that although they had not lived together since the separation of August 25, 1950, that two months prior to this hearing she and her husband spent several week-ends together at her place and some week-ends at his place. The husband denied this but admits to conversations, in person and by telephone, during that period, concerning reconciliation.

The question before us is whether this testimony is sufficient to find a condonation by the husband of the wife's adultery so that he has abandoned his defense of legal desertion based on that adultery.

By statute, condonation is a defense to any action or suit for divorce for the cause of adultery: Act of

May 2, 1929, P. L. 1237, Section 52, 23 PS §52. This Court in *Wisnewski v. Wisnewski*, 126 Pa. Superior Ct. 540, 544, 191 A. 182 (1937), cited with approval *Best v. Best*, 161 Pa. 515, 29 A. 1026 (1894), where it was said at page 516, " '. . . after full knowledge of all the facts now known to him, the libellant admitted her into conjugal embraces, which is, by the express provisions of the act of assembly, a positive bar to a divorce for her adultery.' "

Condonation of adultery, under the statute, may be defined as a voluntary, perpetual and unconditional abandonment by a spouse of the right to divorce for an act of adultery, by complete renewal of the marital relationship, or by a single act of sexual intercourse, after knowledge or belief that the offense has occurred. Freedman, Law of Marriage and Divorce in Pennsylvania, §213, page 518.

" 'Condonation means the blotting out of the offense imputed, so as to restore the offending party to the same position he or she occupied before the offense was committed. The term "forgiveness" as it is commonly current in the English language, does not fully express the meaning of "condonation". A party may forgive in the sense of not meaning to bear ill will, or not seeking to punish, without at all meaning to restore to the original position . . .' ". *Talley v. Talley*, 215 Pa. 281, 64 A. 523 (1906).

The only sufficient cause justifying a husband's refusal to support his wife is conduct on her part which would be a valid ground for divorce. *Com. v. Sincavage*, 153 Pa. Superior Ct. 457, 34 A. 2d 266 (1943). Appellant here, had good grounds for divorce for adultery had he prosecuted his case a reasonable time after the grounds for divorce appeared. He waited seven years without taking any action and then just two months prior to this trial condoned the adultery by conjugal relations with his wife. Mrs.

Sanders is physically unable to provide for herself. The condonation is a full defense to any action for divorce and her adultery cannot be raised as a defense to this support action. *Trussell v. Trussell*, 116 Pa. Superior Ct. 592, 177 A. 215 (1935). Where the adultery, which has converted the separation into a desertion, has been condoned, the desertion consequent upon it, likewise enjoys remission.

This Court has held that, under the Act of April 18, 1919, P. L. 72, it is the duty of the appellate court to review the testimony in order to ascertain whether there was sufficient evidence to sustain the order of the court below. *Com. ex rel. Boysen v. Boysen*, 133 Pa. Superior Ct. 329, 2 A. 2d 558 (1938). Although no specific act of intercourse was mentioned in the testimony, the fact is that some relationship existed and if we believe the wife's testimony, the relationship was strong enough to raise the inference of conjugal relations and a condonation of the wife's previous offense.

The learned judge below had a much better opportunity to get at the real facts by observing the demeanor of the husband and wife as they testified and was in a much better position to test their credibility than we can from the printed record. We assume from his order that he believed the story of the wife, although no opinion of the court below was filed.

The policy of the law has always favored reconciliation and views divorce with disfavor. The Commonwealth has an interest in the preservation of the marriage status. This husband and wife lived together from 1936 to 1950, had a son, who is now married, and although the wife has gravely wronged her husband, his long delay in charging her, and his evident attempt at reconciliation may indicate a desire on his part to forgive the past and this order may bring the parties together.

Order affirmed.

DISSENTING OPINION BY WRIGHT, J.:

It is my view that the wife's admitted adultery, flagrantly continued for a number of years following the separation, constitutes a bar to her belated action for support. The majority avoids this result on the ground that, just before the institution of the support action, conversations between the parties (initiated by the wife) concerning the possibility of a reconciliation established a "relationship . . . strong enough to raise the inference of conjugal relations and a condonation of the wife's previous offense". The answer is that the wife did not testify that there was condonation, the lower court made no finding to that effect, and the evidence is clearly insufficient to warrant or support such a conclusion.