Commonwealth ex rel. Young, Appellant, *v.*
Young.

Argued September 14, 1968.   Before WRIGHT, P. J.,
MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.
(WATKINS and HANNUM, JJ., absent).

*I. Leonard Hoffman,* with him *Ettinger, Poserina,
Silverman, Dubin, Anapol & Sagot,* for appellant.

*N. Hurowitz,* with him *Jack A. Rounick,* and *Moss
and Rounick,* for appellee.

OPINION BY HOFFMAN, J., November 14, 1968:
This is an appeal by Mrs. Miriam J. Young from
an order of the lower court vacating an earlier order
for support.

These parties have a long history in the courts of Montgomery County. Part of this history is recounted in our earlier opinion at 207 Pa. Superior Ct. 440, 217 A. 2d 857 (1966), in which we affirmed an order of the lower court refusing to vacate a support order.

Subsequent to that opinion, on February 21, 1967, Mr. Young filed a petition to vacate the order on the ground that the court had lost jurisdiction of the parties. After a hearing on March 21, 1967, the petition was dismissed. During this hearing, Mr. Young testified that he had procured a Mexican divorce, and had remarried a woman with whom he was living in New Jersey.

On November 9, 1967, Mr. Young filed another petition seeking to vacate the support order, to remit arrearages, and to secure a refund of the money already paid. This petition was based upon an allegation that Mrs. Young had committed adultery on October 26, 1967. A full hearing was held on May 9, 1968. Based on the evidence adduced at that hearing, the court found as fact that Mrs. Young had committed adultery.

The law in such cases is that the only sufficient cause justifying a husband's refusal to support his wife is conduct on her part which would be a valid ground for divorce. *Commonwealth v. Crabb*, 119 Pa. Superior Ct. 209, 180 A. 902 (1935); *Commonwealth ex rel. Brobst v. Brobst*, 173 Pa. Superior Ct. 171, 96 A. 2d 194 (1953); *Commonwealth v. Levitz*, 189 Pa. Superior Ct. 438, 150 A. 2d 581 (1959). Since adultery would constitute such sufficient cause, the lower court vacated the support order and remitted all arrearages arising since the date of the adultery.

On appeal, the wife argues that the lower court failed to give weight to all aspects of our divorce law. She contends that in considering the validity of the

husband's ground for divorce, the court was obliged to consider, in addition to the actions of the wife, any statutory defense to such ground as a result of the actions of the husband.

In support of this contention, the wife cites *Commonwealth v. Sanders*, 187 Pa. Superior Ct. 494, 144 A. 2d 749 (1958). There, the husband sought to avoid his duty of support by reason of the wife's adultery. We recognized that such adultery would ordinarily constitute a valid ground for divorce. We found further, however, that the husband had condoned the adultery by conjugal relations with his wife shortly before the support hearing. We held that, "The condonation is a full defense to any action for divorce and her adultery cannot be raised as a defense to this support action."

The suggestion of the statutory defense of condonation to adultery is not involved in this case. The wife argues, however, that here the statutory defense of recrimination which is found in the same section of our divorce law as the defense of condonation, is clearly applicable.

The defense of recrimination is set out in our divorce law, Act of May 2, 1929, P. L. 1237, §52, 23 P.S. §52, which provides that, "In any action or suit for divorce for the cause of adultery, if . . . it shall appear in the evidence, that the libellant has been guilty of the like crime, . . . it shall be a good defense and a perpetual bar against the same."

The husband, at various hearings, testified that he had obtained a "Mexican divorce" from Mrs. Young. It is clear, however, that in this proceeding, neither the court nor the parties considered such divorce to be valid. Were this divorce in fact valid, Mr. Young would not be required or able to allege that Mrs. Young was guilty of adultery; nor would Mr. Young be under

any coercion to do so since under our law, a husband need not support a wife from whom he has obtained a valid divorce.

The husband further testified that subsequent to the Mexican divorce, he had married another woman with whom he was living in New Jersey. Since Mr. Young had never obtained a valid divorce from Mrs. Young, his cohabitation with this second woman constituted the establishment of an adulterous relationship, which, in an action for divorce, would result in recrimination. Such recrimination would be a full defense to any action for divorce on the ground of adultery, and, accordingly, Mr. Young's ground for divorce would no longer subsist or be valid.

Since such recrimination would bar the husband's ground for divorce, the wife argues that the lower court erred in deciding that her adultery constituted sufficient ground for the vacating of the order.

This argument, however, has been rejected by our courts. In *Commonwealth v. Crabb,* supra, our Court explained at 211: "Appellant relies upon the rule that the only reasonable cause justifying a husband in refusing to support his wife is conduct on her part which would be a valid cause for a decree in divorce: Com. ex rel. v. Herman, 95 Pa. Superior Ct. 510, 514, 515, and that the defendant has no cause for divorce because by the Act of May 2, 1929, P. L. 1237, §52 (23 PS §52), it is provided that: 'In any action or suit for divorce for the cause of adultery, if the respondent shall allege and prove, or it shall appear in evidence, that the libellant has been guilty of a like crime, . . , it shall be a good defense and a perpetual bar.' The rule relied upon does not go so far as to hold that the husband must be innocent of any conduct which would be a bar to the cause for divorce. Under the facts as established, neither of the parties could have obtained a divorce, but that does not establish that the conduct

of the appellant did not constitute a valid cause for divorce. A wronged husband or wife may have a valid cause yet their subsequent conduct, such as by collusion or cohabitation, bars their right to a divorce and where the cause is adultery a like offense is a perpetual bar.

"The precise question has not been passed upon by our courts. In the case of Hawkins v. Hawkins, 86 N.E. 468, the Court of Appeals of the State of New York under statutory proceedings for support which provide that defendant might set up in justification the misconduct of the plaintiff, it was held that a wife who has committed adultery is, notwithstanding the fact that her husband has been likewise guilty of adultery, not entitled to judgment of support. :"[1]

Similarly, in *Commonwealth ex rel. Brobst v. Brobst*, supra, at 174, our Court stated, "The fact that a husband's own conduct may preclude a divorce from a wife who has committed adultery does not necessarily preserve the legal duty to support her." See also *Commonwealth v. Levitz*, supra.

The lower court cited *Crabb, Brobst* and *Levitz* in its opinion and was clearly aware of their implications in reaching its decision that the wife was no longer worthy of support. We do not find that the lower court erred in reaching this decision, or that evidence has been presented which would require that the decision of the lower court be reversed.

---

[1] The decision in *Sanders* dealing with condonation does not, in our opinion, conflict with our opinion in *Crabb*. Condonation, as our Court pointed on in *Sanders,* wipes out the prior adultery and restores the wife to her original blameless condition. Thus, the valid cause for divorce in effect no longer exists. In the case of recrimination, however, the adultery of the husband does not restore the adulterous wife to her prior position, nor does it deny the fact that the husband still has a valid cause for divorce, although it may be barred by recrimination.

The wife also contends that any evidence as to her adultery should have been suppressed because it was obtained in violation of her constitutional rights. Specifically, she argues that the testimony of her husband and a private detective as to adultery was based on their unlawful entry into her apartment. No case has been cited, however, nor are we aware of any decision, which holds that evidence obtained by private citizens is subject to the same constitutional limitations imposed upon governmental officials. Accordingly, this argument must be rejected.

Order affirmed.