**Burt v. Burt**

*Rudolph Zieger, Jr.,* and *Boyd H. Walker* of *Walker, Walker & Thomas,* for husband.

*Anthony R. Thompson* and *Dower, Mackson, Hauff & Hettinger,* for wife.

WIEAND, J., December 14, 1971.—On June 26, 1970, defendant, Dr. Richard C. Burt, was ordered to pay for the support of his wife, Merle Z. Burt, the sum

of $160 per week. On May 28, 1971, defendant filed a petition seeking to vacate the support order on the grounds that his wife by her misconduct had forfeited the right to support. Following hearing and argument on points of law, defendant's petition is before the court for determination.

The evidence is clear that Mrs. Burt committed acts of adultery with Fred Household on at least four occasions since the order of support was entered. On March 21, 1971, she was seen leaving Household's apartment at 9:30 a.m. On March 27, 1971, she spent the night at Household's apartment. On April 9, 1971, they were seen walking arm in arm through a local park. The night of April 24th and the morning of April 25th were spent by Mrs. Burt and Household in Mrs. Burt's home, where defendant and a witness saw them as they lounged in the kitchen and later as they ascended to Mrs. Burt's second-story bedroom. The night of May 8th and morning of May 9th also found defendant and a witness outside Mrs. Burt's home as she and Household spent the night together. Mrs. Burt conceded that she had been with Household on many occasions and that he had spent nights with her in her home.

Plaintiff accuses defendant, and he does not deny, that he also has been guilty of adultery since the parties have separated. The law is clear, however, that a wife who has committed adultery is not entitled to an order of support notwithstanding the fact that her husband has also been guilty of adultery: Commonwealth ex rel. Young v. Young, 213 Pa. Superior Ct. 515. See also Commonwealth v. Levitz, 189 Pa. Superior Ct. 438; Commonwealth ex rel. Brobst v. Brobst, 173 Pa. Superior Ct. 171; Commonwealth (ex rel. Appellant) v. Crabb, 119 Pa. Superior Ct. 209.

On April 25, 1971, defendant, while intoxicated, went to his wife's home, where the two of them dis-

cussed their relationship and engaged in sexual intercourse. The wife contends that by this renewal of the marital relationship, her adultery has been condoned. "Condonation of adultery . . . may be defined as a voluntary, perpetual and unconditional abandonment by a spouse of the right to divorce for an act of adultery, by complete renewal of the marital relationship, or by a single act of sexual intercourse, after knowledge or belief that the offense has occurred": Commonwealth v. Sanders, 187 Pa. Superior Ct. 494, 497; Freedman, Law of Marriage and Divorce in Pennsylvania, §213, page 518. It "means the blotting out of the offense imputed, so as to restore the offending party to the same position he or she occupied before the offense was committed": Talley v. Talley, 215 Pa. 281, 285; Commonwealth v. Sanders, supra. Condonation, however, "is not a warrant to embark with impunity upon additional acts of adultery, licensed by the original forgiveness": Freedman, Law of Marriage and Divorce in Pennsylvania, §213, p. 519. It is not a defense to acts subsequently committed. Thus, if Mrs. Burt's adultery prior to April 25, 1971, had been condoned by a renewal of marital relations on that day, this did not constitute a defense to her adultery thereafter.

Mrs. Burt's principal argument is that defendant consented to and encouraged her adultery, and was, therefore, guilty of connivance. The evidence establishes and the court finds that defendant professed and encouraged his wife to adopt and practice a philosophy of "sexual autonomy." This he explained as follows: "I think . . . it's up to the individual to decide whether or not they will or will not have extra-marital, pre-marital or any other kind of sexual relations." He recommended sexual autonomy to his wife during the time they were cohabiting and following their separa-

tion. Subsequent to the entry of the support order, he urged his wife to find someone to relate to. He expressed the hope that she would find a good sexual and psychological relationship with someone, and asked her if he should find someone for her. He conceded that he was not offended by and did not object to his wife's affair with another man. She was doing, he agreed, that which he had encouraged her to do. We conclude, therefore, that defendant consented to and encouraged his wife's adultery. His efforts to obtain evidence of his wife's adultery were not based on any objections he had to her conduct. Rather, they were prompted by a desire to relieve himself of an onerous support order.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 52, 23 PS §52, provides:

"In any action or suit for divorce for the cause of adultery, if the respondent shall allege and prove, or it shall appear in the evidence . . . that the said libellant (if the husband) allowed the wife's prostitution, or received hire from it, or exposed his wife to lewd company whereby she became ensnared to the crime aforesaid, it shall be a good defense and a perpetual bar against the same."

"Notwithstanding the unusual language of this statutory provision, it seems clear that its purpose is to establish connivance, as generally understood, as a defense to a charge of adultery": Freedman, Law of Marriage and Divorce in Pennsylvania, §214, page 527.

Thus, in Wisnewski v. Wisnewski, 126 Pa. Superior Ct. 540, at page 544, the court concluded:

"The appellate courts of this state have repeatedly held that a husband who procures, encourages, or connives at his wife's prostitution cannot obtain a decree of divorce against her upon the ground of adultery."

"Connivance" has been defined as plaintiff's "cor-

rupt consenting to evil conduct in the other whereof afterward he complains": Freedman, Law of Marriage and Divorce in Pennsylvania, §214, page 526.

"The basis of the defense of connivance is the maxim 'volenti non fit injuria,' or that one is not legally injured if he has consented to the act complained of or was willing that it should occur. It is also said that the basis of the defense of connivance is the doctrine of unclean hands": 24 Am Jur 2d, Divorce and Separation, §193. See also 17 A.L.R. 2d 348, §3; Nacrelli et al. v. Nacrelli, 288 Pa. 1, 8.

The law of Pennsylvania is that the only sufficient cause justifying a husband's refusal to support his wife is conduct on her part which would be a valid ground for divorce: Commonwealth ex rel. Young v. Young, supra. Adultery, of course, would constitute sufficient cause. Does it constitute sufficient cause, however, where defendant husband has encouraged his wife's adultery and has consented to it? We think not.

Although counsel for Mrs. Burt concedes that this issue has not been resolved by the courts of this State, he points to decisions in other States which have considered it. In White v. White, 100 A. 235 (1917), the Court of Errors and Appeals of New Jersey held that when the wife's adultery is brought about by the collusion of the husband or by his consent, the adultery of the wife is not such justifiable cause as will relieve the husband from the duty to provide support for his wife. "It would be both illogical and immoral" concluded the court, "to permit a husband to consent or to connive at his wife's adultery, and then permit him to use the adultery of his wife as a shield or excuse to shirk his duty to society by relieving him from providing a support for her . . ." A similar result was achieved by the Supreme Court of Iowa in Olds v. Olds, 260 N.W. 1 (1935). See also Webster v. Boyle-Pryor

Const. Co., 144 S.W. 2d 828 (Kansas City, Mo., App. 1940).

By our holding in this case, we do not intend to grant to the wife the legal right hereafter to engage in adulterous conduct with impunity. Our holding must be limited to the facts and circumstances as they were presented to the court at the time of the hearing. Under those specific circumstances, we hold that defendant is not entitled to have the order for the support of his wife vacated.

### ORDER

Now, December 14, 1971, it is ordered that defendant's petition to vacate the order of support entered in the above-captioned proceedings be and the same is hereby dismissed.