## Commonwealth v. Costanzo

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*James F. Marsh,* District Attorney, for Commonwealth.

*Ellen E. Katz,* for defendant.

WILLIAMS, *J.,* January 7, 1976—On August 15, 1975, John Gaydos purchased two tires and placed them on the rear wheels of his station wagon. Four or five days later they were stolen. An unidentified informant told him the tires were on the motor vehicle of defendant. Gaydos went to defendant's home alone and from the highway identified one of the tires on defendant's vehicle, which was parked on the premises. He notified police and Chief LaBar, of the Barrett Township Police, and Gaydos went to the Costanzo home. Both observed one of Gaydos' tires from the roadway. Then, both examined the tires at close range on the Costanzo premises. The police officer was permitted to enter the dwelling where Costanzo told him he acquired the tires by purchase from a cousin and that maybe his cousin stole them.

Defendant seeks to suppress evidence as to location of the stolen tires on his vehicle, asserting

such evidence was discovered by an illegal warrantless search and seizure.

## DISCUSSION

Here, the evidence was first secured by John Gaydos, a private citizen. It was he who first observed one of the stolen tires on defendant's vehicle while positioned off defendant's premises. Chief LaBar also first observed the tire off defendant's premises. Chief LaBar entered defendant's home with his permission.

Since the ruling in Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 684, 6 L.Ed. 2d 1081 (1961), does not apply to searches by a private citizen, we will not grant the suppression petition. See Commonwealth v. Tanchyn, 200 Pa. Superior Ct. 148, 188 A.2d 824 (1963), cert. denied 375 U.S. 866 (1963). Commonwealth ex rel. Young v. Young, 213 Pa. Superior Ct. 515, 247 A.2d 659 (1968).

## CONCLUSIONS OF LAW

1. A search and seizure by a private citizen does not fall within the prohibition of the Fourth Amendment.

2. Evidence obtained by a private citizen by the observation of stolen goods on defendant's premises, by viewing the stolen goods from a position in a public highway, is not illegally obtained.

## ORDER

And now, January 7, 1976, petition for suppression is denied and it is ordered that the evidence sought to be suppressed shall be admissible at trial.