Commonwealth ex rel. Jablonski, Appellant, *v.* Jablonski.

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*Harry R. Back,* for appellant.

*William F. Starsinic,* for appellee.

OPINION BY RHODES, P. J., November 16, 1955:

The question presented on this appeal is whether there is a valid and binding separation agreement between husband and wife.

The parties were married on July 28, 1945. They have no children by this marriage. They separated on June 3, 1946, and they have lived apart since that

time. The agreement was dated September 9, 1946. It set forth a prospective sale of the wife's property, which was subsequently consummated on November 1, 1946, for $5,000. The agreement provided that the deed should be executed by the husband, and that he should receive the sum of $450 from the proceeds of the sale. By the agreement the wife, inter alia, waived all future support from her husband. It recited their unhappy differences as the cause of their living separate and apart.

The consideration acknowledged by the wife was that, upon consummation of the sale of her real estate, she was to receive and retain the proceeds thereof, less $450 to be paid to the husband, for her own use, "free and clear of any claims and covenances whatsoever"; the release by the husband of all right, claim, title, and demand to his wife's estate at her death, including his right to elect to take against her will; the general release of all claims of every nature the husband has had or ever may have against the wife, except as provided in and by the agreement.

The court below, after hearing on the wife's petition for support filed July 15, 1954, dismissed the petition on June 6, 1955. The wife appealed to this Court, and claims that the consideration for her surrender of support was unreasonable and inadequate.

The husband testified that he spent $2,000 on his wife's property; that he left her on June 3, 1946, because of threats of bodily harm; and that his wife did not want him around, which she accomplished by the agreement of September 9, 1946. It was conceded that they have not cohabited since the separation, and that the wife has received no support from her husband.

There was no proof of fraud, coercion, or unlawful purpose in the execution of the agreement. The wife sought the agreement and was represented at the time

of its preparation and execution. The court below found: "Both parties entered into the agreement in good faith and with full information, and both have abided by it for more than nine years and continuously up to the present time without any complaint, excepting only the wife's present petition."

We are of the opinion that the consideration as disclosed by the agreement and as found by the court below was reasonable and adequate. The waiver by each of their respective interest in the estate of the other operated more favorably for the wife, as at the time she had considerable property while her husband had little, if anything, other than what he had advanced for the improvement of her property and from which she profited by the agreement. The agreement itself was a reasonable and valid settlement, and effected the release of the wife's future support. The agreement recognized that there had been an actual and continuing separation of the parties at the time of its execution.

In *Com. ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 473, 193 A. 83, we said that separation agreements between husband and wife are valid, and will be upheld where they were entered into without fraud or coercion, were reasonable, and were actually carried into effect in good faith. See, also, *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 454, 188 A. 551; *Com. ex rel. Mosey v. Mosey,* 147 Pa. Superior Ct. 466, 470, 24 A. 2d 59; *Com. ex rel. Schaffhauser v. Schaffhauser,* 164 Pa. Superior Ct. 54, 57, 63 A. 2d 410; *Com. ex rel. Miller v. Miller,* 176 Pa. Superior Ct. 64, 68, 106 A. 2d 627; *Com. v. Richards,* 131 Pa. 209, 219, 18 A. 1007; *Frank's Estate,* 195 Pa. 26, 33, 45 A. 489.

The circumstances attending the execution of the agreement were fully presented to the court below. In

general, the present case is clearly governed by the law upon the subject which has been set forth in many decisions of the Supreme Court and of this Court. Specifically, the agreement was not lacking in consideration for the wife's surrender of her right to support and maintenance; and it was a bar to her petition for support.

The order of the court below is affirmed.