Commonwealth ex rel. Finn *v.* Finn, Appellant.

Argued March 20, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*David N. Bressler,* with him *Shapiro, Rosenfield, Stalberg & Cook,* for appellant.

*Wilbur Greenberg,* with him *Miller, Pincus and Greenberg,* for appellee.

OPINION BY WOODSIDE, J., June 13, 1962:

The only question in this appeal is whether the court below abused its discretion in ordering the defendant to pay $125 per week for the support of his wife and two young adopted children.

The parties, who are in their late thirties, separated by agreement May 14, 1961, after approximately five years of married life. The children were 3 and 2 years of age at the time of the hearing.

The defendant is an equal partner with his mother in a retail men's clothing business in Philadelphia, which grossed over $350,000 per year before the recent opening of a second store. Prior to their separation, the defendant gave his wife $145 per week out of which she paid the household expenses, including a $65 monthly installment on a car and $26 monthly insurance premiums on her husband's life. Most of her clothing were purchased by the defendant, and the family's Blue Cross and Blue Shield were carried by the business.

When the parties separated, the defendant paid his wife $125 per week which he subsequently reduced to $50 per week. The reduction provoked this action which resulted in an order of $125 per week, from which the defendant appealed.

The defendant contends that he reduced the payment to his wife because his income was limited to $125 per week by an agreement with the Small Business Administration as the result of a loan made to the partnership. His wife says he reduced her allowance to force her to make a property settlement and give him a divorce. She argues that even if he is limited to a salary of $125 per week, he is using a new Oldsmobile being purchased by the partnership and has an expense account which has grown from $657 in 1958 to $3900 in 1960 and that the business is making a profit of $4800 a year, half of which is income to her husband.

There are many factors to be taken into account in fixing an order of support. The applicable principles of law have been too frequently stated by this Court to bear further repetition. However, we cannot overlook a new principle applied by the court below to this case. The trial judge announced during the hearing, "I am

going to hold the father of two adopted children more strictly accountable for their welfare, their support and their education than a natural father . . . Because he knowingly and deliberately entered into a contract with the Commonwealth of Pennsylvania to do this." This was error. There is no such rule of law, nor should there be. The parents of adopted children have the same obligation for their welfare and support as the natural parents of children, but they have no greater obligation.

Mrs. Finn is a young, healthy, unemployed woman, but she has a maid whom she pays $30 a week. Although the defendant is not as poor as he would have us believe, there is some doubt concerning his ability to supply a maid for his wife, who has only herself and two children to care for. The court below suggests that her husband should pay for a maid, because he provided one for her when he was living at home. It is evident that there is less work in maintaining the home now than there was when her husband lived with her, and that therefore there is less need for a maid.

The amount of an order must be determined by inferences drawn from many facts. We have carefully examined the record. We are convinced from our examination of the whole record and from the court's application of an erroneous rule relating to adopted children, and from the doubtful need of the appellee for a full-time maid, that the order should be reduced.

The order is reduced from $125 to $100 per week and, as reduced, is affirmed.