### Commonwealth ex rel. Borrow *v.* Borrow, Appellant.

Argued September 13, 1962. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*Howard Richard,* with him *Berman, Richard & Brian,* for appellant.

*A. Sidney Johnson, Jr.,* with him *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY WOODSIDE, J., November 15, 1962:

This is an appeal from an order of support.

Irene and Morton Borrow were married July 25, 1950, and separated July 17, 1961. Immediately after the separation, Morton paid his wife $40 per week, which weekly sum he subsequently reduced to $25. On May 1, 1962, he discontinued all payments, and this action was brought by the wife to obtain support for herself and one child. The child involved in the order is the 17 year old son of Irene by a prior marriage. He was adopted by Morton, who is thus liable for his support. *Commonwealth ex rel. Finn v. Finn,* 198 Pa. Superior Ct. 334, 181 A. 2d 887 (1962).

The Court of Quarter Sessions of Delaware County entered an order on June 8, 1962, directing the defendant to "pay the sum of Fifty dollars ($50) per week for the support and maintenance of your wife and 1 child together with . . ." the child's medical expenses. At the request of the defendant, the order, when orally made, was allocated $40 per week to the wife and $10 for the son. This division appears in the record after the judge's signature to the order "$40 to wife and $10 to son."

The defendant is satisfied with the order for the support of his son, but is appealing the order for the support of his wife.

Both the husband and wife are employed. The "take-home pay" of the husband is $136 per week and that of the wife is $125 per week.[1] There is evidence that the defendant has supplemented his income by repairing radios, but the record gives no indication of the amount of such income and it appears to be negligible. The parties' gross pays and the deductions made from them do not appear in the record. We might note

---

[1] We are dropping the cents in our figures throughout this opinion.

in passing that without knowing either the gross pay or the deductions it is possible for a false picture of income to be created. Deductions for savings, retirement, dues, insurance and for more or for less income tax than will ultimately be due, can materially vary the take-home pay, and failure to consider these deductions can cloud the true picture of a person's actual income.

The fact that a wife is gainfully employed does not ordinarily deprive her of her right to support, although the equities of a particular case may be such as to justify the court in refusing to allow the wife separate maintenance. *Commonwealth v. Mercer,* 163 Pa. Superior Ct. 80, 60 A. 2d 572 (1948); 42 C.J.S., Husband and Wife §612f. In fixing the amount of an order, however, the court must consider a wife's separate earnings as one of the relevant circumstances. *Commonwealth ex rel. McCuff v. McCuff,* 196 Pa. Superior Ct. 320, 323, 175 A. 2d 124 (1961); *Commonwealth ex rel. Lazarou v. Lazarou,* 180 Pa. Superior Ct. 342, 345, 119 A. 2d 605 (1956).

An order of $40 per week against a husband earning $136 per week for the support of a wife earning $125 per week is excessive. A husband should not be compelled by law to live on $96 per week in order that his wife can live on $165 per week. The excessiveness of this order is even more apparent when we examine additional facts. The son of the parties is now attending a military school. He had been in juvenile court, and was placed on probation after his mother advised the court that she would send him to such school. The evidence indicates that the cost of supporting him there is being paid by his mother. It totals approximately $3000 per year or $57 per week. Toward the payment of this expense, she receives approximately $14 per week from Social Security due because of the death of the boy's natural father, and $10 per week from the

order against the defendant. This amount, plus the $125 per week that the wife is earning and the $40 per week support order to the wife, gives to her and the child $189 per week on which to live. This is based on the assumption that the 17 year old boy earns nothing. The defendant after contributing $50 toward the $189 has only $86 per week for himself.

As we have seen above, the cost of keeping the boy in school is approximately $57 per week of which the Social Security allowance and the order against the defendant supply $24. The balance of $33 is paid by the mother. Subtract this from her earnings and she has a net income of $92 per week. Add to this the $40 court order and she has $132 after fully providing for her son, while the defendant, after paying a $50 support order, has remaining only $86 per week for himself.

We recognize that an appellate court will not reverse a support order of the court below except for a clear abuse of discretion. *Commonwealth ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 118, 111 A. 2d 157 (1955). However, under the facts of this case, we believe the order is excessive and constitutes an abuse of discretion and must be reduced.

The order for the support of the wife is reduced from $40 to $20 per week and as modified is affirmed.

ERVIN, J., took no part in the consideration or decision of this case.