Commonwealth ex rel. DiSanti, Appellant, *v.* DiSanti.

Argued March 22, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*I. Raymond Kremer,* with him *Kremer, Krimsky & Luterman,* for appellant.

*Howard Richard,* for appellee.

Opinion by Packel, J., June 16, 1972:

The intricacy and novelty of the interesting question as to the treatment of a profit sharing program has apparently caused the court below to disregard the fundamental principle that the real test in support matters is not earnings but earning power, *Drummond v. Drummond*, 414 Pa. 548, 200 A. 2d 887 (1964), and all attendant financial conditions, including the kind and amount of assets.

The trial court, on October 5, 1971, entered an order of $310 for a wife and four children, and within the same month changed the order to $250 because, in finding the "usable income available" he had not allowed for the payment of income taxes. In ascertaining the average annual earnings of the husband, however, the trial court had excluded $5,148 which was to be paid into the profit sharing account of the husband by his law firm, which was organized as a professional corporation.

It is not necessary to establish any fixed rule as to the treatment of profit sharing in support cases. Variances can exist depending upon the specific terms of the plan relating to vesting and to withdrawal powers. Other factors that should be considered include:

(1) whether participation in the plan is relatively voluntary or involuntary;

(2) whether, and to what extent contributions are modest under the circumstances; and

(3) whether defendant already possesses substantial assets in addition to the developing value of his interest in the pension fund.

The trial court concluded that the husband's participation in the plan was wise and not suspect, and this finding was clearly within the province of the trial court. However, the finding that the $5,148 of profit placed into appellee's account under the plan was not

currently usable income and therefore was to be disregarded, was error. As already indicated, the test of a husband's duty with respect to earnings is earning power—rather than usable earnings.

The lower court's conclusion that the wife and children may possibly benefit from the planning in the future is not at all controlling. In this regard, it is appropriate to point out what this Court said in *Commonwealth ex rel. Horner v. Horner*, 168 Pa. Superior Ct. 411, 414, 77 A. 2d 641 (1951) with respect to the argument that the husband was putting away $100 a month on insurance policies on his life in which his children were named as beneficiaries: "That is a notable consideration, but certainly has little value when dealing with the day to day problems of support. All that the children have under such policies are inchoate future expectancies. These payments are of little aid in our present consideration in determining an adequate amount for the present support of his family."

Relationships which entail the availability of profits, as well as the voluntary use of profits for obtaining future income must be given due consideration in determining earning power. *Commonwealth ex rel. Betz v. Betz*, 127 Pa. Superior Ct. 98, 193 A. 338 (1937) (allocatur refused) (lawyer) ; *Commonwealth ex rel. Eiceman v. Eiceman*, 8 Leb. 97 (1960) (doctor). The fact that the federal government does not choose to tax currently an interest in profits set aside for future receipt does not control in determining earning power as one of the components in fixing a support order. *Cf. Commonwealth v. Berfield*, 160 Pa. Superior Ct. 438, 51 A. 2d 523 (1947) (federal exemption of Railroad Retirement Act pension from attachment would not prevent fund from being considered in a support case).

The situation is not unlike that of depreciation, except in a converse sense in that deductions for depre-

ciation may represent usable funds but to some extent represent reductions in capital. Accordingly, there is no fixed rule which calls for total regard or disregard of depreciation. *Commonwealth v. Miller,* 202 Pa. Superior Ct. 573, 198 A. 2d 373 (1964). The true rule, therefore, should be that interests in profit sharing plans must be given due regard in determining earning power in view of all the attendant circumstances.

Order reversed and the record remanded to the court below with directions to enter an order in accordance with this opinion.

WRIGHT, P. J., would affirm on the opinion of President Judge DIGGINS.

WATKINS and JACOBS, JJ., dissent.