**Commonwealth ex rel. Dischinger v. Dischinger**

*Edward D. Foy* of *Liederbach, Einer & Foy,* for relatrix.

*Robert J. Hastings,* for respondent.

GARB, J., November 15, 1972.—We have before us for disposition a complaint filed by wife and mother for support of herself and minor children against husband-father, allegedly under the Act of July 13, 1953, P. L. 431, sec. 1, 62 PS §2043.31. Because of the unusual question raised by this petition, the court directed that the factual matters be developed by deposition and the matter placed before the court en banc for argument. The matter has been argued and it is now ripe for decision.

The petition now before us was filed on January 15, 1971, and fixed for hearing by virtue of order dated January 19, 1971. At the time of the filing of this petition, there was outstanding in this court an order entered on October 23, 1970, against the husband-father herein, directing that he pay the sum of $25 each and

every week for the support of each of his three minor children. The foregoing order was entered as a result of a criminal complaint filed in this county on July 27, 1970, under and pursuant to the provisions of the Act of July 3, 1957, P. L. 457, sec. 1, 18 PS §4733. At the time the foregoing order was entered, both petitioner and respondent herein were represented by privately retained counsel, and the order as entered was one agreed upon by the parties, the agreement including a waiver by petitioner of her right to support. It was stated of record that the agreement had been entered into between the parties and their counsel; the agreement included the provision that respondent would move out of the family home on the evening the order was entered, respondent would pay one-half of certain then existing medical bills and electric range repair bill, that he would make the mortgage payment on the marital home, and he further agreed to reimburse his daughter the sum of $600 in connection with a certain automobile. In return for the foregoing agreements, petitioner agreed to waive her right to support from her husband.

We are satisfied, first of all, that the agreement entered into between the parties as stated at the bar of the court, constituted a separation agreement between the parties and not a post-nuptial agreement. Whether an agreement constitutes a post-nuptial or a separation agreement will be dependent upon the intent of the parties as gathered from all of the facts. Where the parties desire to settle and determine their respective property rights finally and for all time that should be construed as a post-nuptial agreement. Where the agreement was merely one providing for a separation and provision for support or waiver thereof of the wife, that constitutes a separation agreement: Commonwealth ex rel. Makowski v. Makowski, 163 Pa.

Superior Ct. 441 (1948). The effect of a separation agreement is not to oust the jurisdiction of the court in matters of determining appropriate support for the wife. It is for the court to determine whether or not the terms of the agreement are reasonable, made without fraud or coercion and have been carried out in good faith: Commonwealth ex rel. Rey v. Rey, 159 Pa. Superior Ct. 284 (1946).

It is, of course, abundantly clear that in order to receive support payments a wife need not establish facts which would entitle her to divorce. It is sufficient to justify her separating from her husband if she shows any adequate reason in law: Commonwealth ex rel. Ross v. Ross, 206 Pa. Superior Ct. 429 (1965). A wife who withdraws from the marriage domicile is entitled to support only if she shows that her husband's conduct justified her leaving, or that he consented to the separation. She is not held to the high degree of proof required of the husband and need not establish facts which would entitle her to a divorce. It is sufficient if she justifies living apart from her husband for any reason adequate in law: Commonwealth ex rel. Thompson v. Thompson, 220 Pa. Superior Ct. 400 (1972); Commonwealth ex rel. Tizer v. Tizer, 214 Pa. Superior Ct. 444 (1969); and Commonwealth ex rel. Miller v. Miller, 209 Pa. Superior Ct. 196 (1966). The only legal cause justifying the refusal of an order of support is conduct on the part of the wife which would constitute valid grounds for divorce: Commonwealth ex rel. Young v. Young, 213 Pa. Superior Ct. 515 (1968), and Commonwealth ex rel. Iezzi v. Iezzi, 200 Pa. Superior Ct. 584 (1963). Most of the facts developed by the depositions were directed to the matters of disagreement and discord between these two partners to this marriage. Those questions would, of course, have great relevancy if we had to apply the doctrines

heretofore enumerated. However, it is abundantly clear that the wife did not withdraw from the marital domicile, thus giving rise to a separation, and, therefore, we do not have to determine whether or not she would have had sufficient legal justification to have done so. We likewise find that the husband withdrew only as a result of the separation agreement he entered into with his wife and, therefore, we do not have to determine whether or not he showed through these depositions a course of conduct on the part of his wife to constitute valid grounds for divorce.

Separation agreements between husband and wife are valid and will be upheld where they are entered into without fraud or coercion, are reasonable and have been actually carried into effect in good faith. Agreements for the release of future support are of great importance, and will be recognized only when established by evidence which is clear, positive and convincing. A full disclosure of all facts relevant to the separation are an element to be considered in determining whether the agreement was fair and reasonable: Commonwealth ex rel. Schaffhauser v. Schaffhauser, 164 Pa. Superior Ct. 54 (1949). See also Commonwealth v. Richards, 131 Pa. 209 (1890), and Commonwealth ex rel. Jablonski v. Jablonski, 179 Pa. Superior Ct. 498 (1955). At the time the agreement was entered into, the wife was represented by counsel and fully understood the terms of the agreement then and there made. She understood that a waiver of her support rights meant that she was giving them up. She was in court at the time the agreement was stated and took no objection thereto. She stood by while the order of court was entered. She heard the terms of the agreement stated in open court and concedes that each and every one of those terms has been complied with by the husband. She agreed that he vacated the prem-

ises the night the order was entered, that he paid the one-half share of the medical bills and the electric range repair bill, that he made the mortgage payment as promised and that he reimbursed the daughter the sum of $600 for the automobile in question.

Her contention that he had already separated and that, therefore, his promise to move out was superfluous, is totally without merit. She testified that he and she separated on February 13, 1970, but that the husband returned in late March of 1970. She testified that although he may have kept erratic hours, he was, essentially, living at home until the evening of October 24, 1970, when he vacated. Thereafter, she changed the locks and he has not been permitted to reside in the residence again. Although we find that the husband did covenant to lease an apartment in September of 1970, he did not, in fact, move into it and he sublet it before he ever lived there. We are satisfied that he lived in the marital domicile with his wife and children up to October 23, 1970, and that he vacated the premises upon his agreement to do so and upon his wife's agreement to waive her right to support if he would do so. Therefore, we are satisfied that the agreement was valid and was entered into without fraud or coercion, was reasonable and was actually carried into effect in good faith. See Commonwealth ex rel. Jablonski v. Jablonski, supra.

Secondly, we are satisfied that petitioning wife herein cannot now cause a reconsideration of the order entered October 23, 1970, merely by virtue of her filing another form of action for support of herself and her children. There is already an outstanding order of support for the children and it is agreed that the payments on that order by the husband are current. If a change or modification in that order is indicated, it should be made by virtue of a petition for such change

or modification with a showing of change of circumstances, the court retaining jurisdiction. The same is true with regard to the order of support for the wife: Commonwealth ex rel. Kaplan v. Kaplan, 219 Pa. Superior Ct. 163 (1971). The court failed to enter such an order upon the wife's agreement to waive such an order. Once again, the court retained jurisdiction, this being merely a separation agreement, and could entertain a modification upon a change of circumstance. However, that order was entered on October 23, 1970, and was unappealed from. As such, the order is res judicata, and, although the court retains jurisdiction, only a change in circumstances can warrant a modification of that order: Commonwealth v. Richards, 126 Pa. Superior Ct. 517 (1937). See also Commonwealth ex rel. Martin v. Martin, 134 Pa. Superior Ct. 345 (1939). Petitioning wife cannot change this result merely by virtue of having filed the action now before us under the Civil Procedural Support Law rather than under the criminal provisions based upon which the original order was entered. Accordingly, the complaint now before us must be dismissed.

## ORDER

And now, to wit, November 15, 1972, it is hereby ordered, directed and decreed that the complaint for support herein be and is hereby dismissed.