White *v*. White, Appellant.

Argued November 15, 1973.   Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ.
(SPAULDING, J., absent).

*George E. Schumacher,* for appellant.

*Gilbert M. Gerber,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

This is an appeal from an order of support in favor of the wife-appellee, requiring the husband-appellant to pay $600.00 per month plus all reasonable medical and dental expenses.

The wife brought an action under The Pennsylvania Civil Procedural Support Law[1] seeking support from her husband, who allegedly deserted her after more than seven years of marriage. Upon hearing in open court, the lower court awarded the wife $600.00 per month. Appellant appeals from this Order, raising several contentions of error.

During the course of the hearing, appellant sought to introduce evidence to show that his alleged "desertion" was prompted by his wife's behavior which constituted "indignities to his person". In addition thereto, appellant offered to admit a post-nuptial agreement to show that his wife had waived her right to future support in consideration for $1,000.00. Appellant argues that both of the above offers of proof would have relieved him of his obligation to support his wife. Finally, appellant sought the court's permission to question his wife and to establish by independent evidence that she was employable, thereby supplying a basis for a reduced order of support.

---

[1] Act of July 13, 1953, P. L. 431, 62 P.S. §§2043.31 et seq.

It can generally be said that a husband has an absolute moral and legal obligation to support his wife.[2] There are, however, circumstances under which he is justified in refusing such support or in reducing his obligation to do so. *Keeth v. Keeth,* 223 Pa. Superior Ct. 96, 289 A. 2d 732 (1972) ; *Commonwealth ex rel. Lazarou v. Lazarou,* 180 Pa. Superior Ct. 342, 119 A. 2d 605 (1956).

In an effort to establish that indignities committed by his wife had prompted his separation from the marital residence, the appellant offered to bring in a number of witnesses to corroborate his testimony regarding various instances where he had been insulted, inexcusably chided, and derogated in public by his wife. The hearing judge refused the offered evidence, saying:

"I could understand your position if you come in and say this woman is living in open adultery but on a ground like indignities you are going to take up the Court's time, two or three days, trying to deny this woman support. . . .

". . . [F]ar be it for me to try to tell lawyers what the law is. I think you better read up on the support law . . . . [H]e left her and it is incumbent upon him to prove grounds for divorce and he has to prove it in a divorce hearing . . . .

"The Court has ruled that even if a woman committed open adultery she is still entitled to support until the Court rules otherwise. She has her day to be heard in a contested divorce action if she is going to contest it and we think you are barking up the wrong tree."

The law has never been that a spouse must sue for divorce in order to prove that his wife is not entitled to support. In Pennsylvania, a wife may not obtain

---

[2] *Walbert v. Farina,* 411 Pa. 400, 192 A. 2d 404 (1963) ; *Commonwealth ex rel. Krouse v. Krouse,* 221 Pa. Superior Ct. 13, 289 A. 2d 233 (1972).

support from her husband after a divorce has been granted. Therefore, it is established law that a husband is justified in refusing to support his wife by any conduct that would provide the husband with a valid ground for a divorce. *Commonwealth ex rel. Young v. Young*, 213 Pa. Superior Ct. 515, 247 A. 2d 659 (1968); *Commonwealth ex rel. Reddick v. Reddick*, 198 Pa. Superior Ct. 111, 181 A. 2d 896 (1962); *Seery v. Seery*, 183 Pa. Superior Ct. 322, 131 A. 2d 845 (1957). The law does not differentiate nor give qualitative weight to the ground of divorce asserted. A divorce will obtain whether the ground is adultery, physical cruelty or indignities, with the same effect and degree. Likewise, a court may not exclude evidence of indignities because it believes it to be a "weak ground". The law is clear. If a husband may prove that his "desertion" or failure to support is prompted by reasonable cause, i.e., that wife has acted in a manner which would justify the husband in seeking and obtaining a divorce, he may refuse to support his wife. *Commonwealth ex rel. Young v. Young*, supra.[3] Appellant should have been permitted to attempt to prove his wife's "indignities".

Secondly, appellant sought to introduce a post-nuptial agreement in an effort to show that his wife, in consideration of $1,000.00 and with full knowledge of her husband's property and assets, agreed to waive any claims to future support. Without the benefit of entertaining or considering either the testimony of the husband or other supportive evidence, the lower court refused to consider the agreement concluding that it was invalid and unconscionable. Appellant protested saying that the law fully upheld such agreements and that his evidence would have demonstrated the circumstances

---

[3] This concept seems to derive from the principle in divorce law that the petitioner must be an "innocent and injured spouse". 23 P.S. §10; see generally, 12 P.L.E., Divorce §56.

of the execution and the validity that should have been attached thereto.

This Court has held that a post-nuptial agreement, if supported by adequate consideration and if full disclosure of the assets of the parties are disclosed prior to execution, and if there be no fraud, coercion or unlawful purpose in the execution, may be fully enforced. There is no public policy or legal reason why an adult spouse may not, under the proper circumstances, waive her right to future support. *Commonwealth v. Doughty*, 187 Pa. Superior Ct. 499, 144 A. 2d 521 (1958) ; *Commonwealth ex rel. Jablonski v. Jablonski*, 179 Pa. Superior Ct. 498, 118 A. 2d 222 (1955). In the instant case, the appellant should have been given an opportunity to establish the validity and enforceability of said agreement. Testimony with respect to the document was a proper subject of the support action, and absent proof of fraud, coercion, or some unlawful purpose in execution, and with sufficient evidence regarding the atmosphere and circumstances of the execution, the agreement should have been given full effect.

Finally, the appellant urged the hearing judge to consider his wife's "earning power" in fixing the amount of the award. He argued that despite the fact that she was not employed at the time of the support hearing, his wife, who had worked as a government employee for a number of years prior thereto, was employable, and that this factor should be considered. Appellant offered to prove by way of inquiry into his wife's state of health, work skills and availability that his wife was employable. He contended that the wife's "earning capacity" should be a material factor in fixing the amount of the support order. We have often said that "[t]he fact that a wife is gainfully employed does not ordinarily deprive her of her right to support, although the equities of a particular case may be such as to justify the court in refusing to allow the wife separate main-

tenance. Commonwealth v. Mercer, 163 Pa. Superior Ct. 80, 60 A. 2d 572 (1948); 42 C.J.S., Husband and Wife §612f. In fixing the amount of an order, however, the court must consider a wife's separate earnings as one of the relevant circumstances. Commonwealth ex rel. McCuff v. McCuff, 196 Pa. Superior Ct. 320, 323, 175 A. 2d 124 (1961); Commonwealth ex rel. Lazarou v. Lazarou, 180 Pa. Superior Ct. 342, 345, 119 A. 2d 605 (1956)." *Commonwealth ex rel. Borrow v. Borrow,* 199 Pa. Superior Ct. 592, 595, 185 A. 2d 605, 606 (1962); see also, *Commonwealth ex rel. Hanerkam v. Hanerkam,* 221 Pa. Superior Ct. 182, 289 A. 2d 742 (1972). In setting a support order the court may take into consideration a husband's earning capacity, and need not restrict itself to the husband's actual earnings. *Commonwealth ex rel. Di Santi v. Di Santi,* 221 Pa. Superior Ct. 435, 293 A. 2d 115 (1972); *Commonwealth ex rel. Ross v. Ross,* 206 Pa. Superior Ct. 429, 213 A. 2d 135 (1965).

In the interest of fairness and with consistency in mind, we see no reason why, in this day and age, a court must limit its inquiry to the wife's earnings. Under the appropriate circumstances, a wife's "earning capacity" may be a material factor in arriving at a reasonable support order.[4] What of the situation in the instant case? There were no children born of this marriage. The wife-appellee merely says that she has an absolute right of support from her husband. While she

---

[4] Certainly, under no circumstances, may a wife be compelled to work even in the absence of children. Furthermore, there are strong moral reasons and public policy considerations why the law should not *by implication* force a wife to seek employment when there are minor children at home. A mother has a moral, if not a legal right to choose to remain home with minor children and provide a home with the constant presence of a parental figure. The courts may not interfere with this wish of the mother to give her children love and guidance. If the mother chooses to work, however, our courts have held that her earnings may be taken into consideration in fixing the amount of a support order. See, *supra.*

may have such a right of support from a husband who abandons her without reasonable cause, that is not to say that she may sit back, refusing to obtain gainful employment, and expect *full* support to derive from the husband. An award of support may not be confiscatory nor act as to penalize the husband. *Commonwealth ex rel. Haimowitz v. Haimowitz*, 221 Pa. Superior Ct. 364, 292 A. 2d 502 (1972). Where the children are of adult age and are no longer residing with the wife, or where no children are born of the marriage, an order of support which makes a husband fully responsible for the support of an employable wife is confiscatory. Where a wife's dependency on her husband is voluntary, and not prompted by some justifiable reason such as poor health, a court should take her employability into consideration when fixing the order of support.[5] Under these limited circumstances, a husband may properly inquire into the factors which would establish the employability of his wife, and a court may look to the

---

[5] In determining whether a wife is employable, the court should take into consideration the amount of time that a wife during her marriage has been out of work. If a wife has been a housewife during all or most of a marriage, relegating the "bread-winning" role to the husband, that is a relevant factor. Certainly, a woman who has been off of the "job market" for a considerable period of time may have a more difficult time in obtaining employment than a woman who possibly terminated her employment shortly before the support proceedings or after the separation. Employability, after all, means more than just the availability of work, the relative skills of the worker, the health and stamina of the worker, and the absence of children in the home for which the wife would have responsibility. A court should consider all of the above factors and measure those elements with the duration of unemployment experienced by the wife. These same considerations apply regardless of who is seeking support, whether it be the husband, the wife or some other dependent. It should be remembered, however, that employability of a minor child is not at all a factor in determining a parent's duty of support of his children. This duty, unlike that of the duty to a spouse, is virtually absolute.

earning capacity of a wife in determining the amount a husband must pay to support his wife. The subjects which appellant sought to examine were material to such a determination, and we hold that he should be entitled to establish such facts.

For the reasons above stated, we reverse the order of the court below, and remand for a new hearing consistent with this opinion.

---

CONCURRING OPINION BY SPAETH, J.:

I join in Judge HOFFMAN'S opinion but wish to add a comment.

We should remember that generally speaking so far as the chance to earn money is concerned men and women are not yet treated equally. Suppose for example that the wife graduated from law school but practiced only a year, after which she had and raised children. If her husband is permitted to inquire into her earning capacity (the children being grown and no longer living with the wife), he should be required to prove not the earning capacity of "lawyers," but specifically the chances of someone like his wife getting employment as a lawyer, and, if she did, what her earnings would be. This is implicit in footnote five of Judge HOFFMAN'S opinion but is not, I think, sufficiently emphasized. Nothing we say should encourage the lazy or reluctant husband, who would like to pretend that his wife has a higher earning capacity than in our still discriminatory economy she really does.