Commonwealth ex rel. Malizia, Appellant, *v.*
Malizia.

Submitted March 22, 1974.   Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*Harold B. Fink,* and *Fink and Young,* for appellant.

*Joseph J. Malizia,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

Appellant contends that the lower court failed to properly consider her husband's earning capacity in setting a support order.

Husband and wife have been separated since June 11, 1972. As a result of injuries sustained in an industrial explosion and numerous disabling medical afflictions, the husband-appellee has been prevented from working at his full capacity as a cement and carpentry worker, at which vocation he earns $3.50 per hour. The wife-appellant, on the other hand, suffers from multiple sclerosis, a progressively incapacitating disease, and has been receiving $142.00 per month in disability benefits.

At a hearing before the Honorable Paul B. GREINER, President Judge of the Fifty-Ninth Judicial District, and the Honorable R. L. LUNN, Associate Judge of the Court of Common Pleas of Cameron County, it was determined that, in the year prior to the parties' separation, the appellee had earned $2,198.00 from his employment, and had made withdrawals of $1,700.00 from a mutual fund investment,[1] or a total of $3,898.00. In 1972, the year of separation, husband's earnings were $2,596.56 and withdrawals totalled $750.00; the

---

[1] As a result of a settlement reached with an insurance company for injuries sustained in the explosion, the appellant invested all or a portion of net proceeds to him in a mutual fund, the Investors Mutual Inc. At the time of the hearing, appellant owned 2396.174 shares, valued at $10.5 per share (average price in 1972).

appellee was unable to work during a portion of the year as a result of surgery. The appellee testified that he needed $268.46 per month to sustain himself.[2] The appellant said that she needed "at least $150.00 a month" above and beyond the $142.00 a month she was receiving as disability benefits. The wife-appellant occupies the marital home (mortgage-free) owned by the parties, on which the husband pays the taxes of $213.18 a year and insurance of $100.00 per year. In addition thereto, the husband pays premiums of $384.00 per year for family hospitalization insurance.

Based on these facts, and relying on a stipulation by counsel that the reasonable rental value of the residential dwelling was $70.00 per month, the Court ordered the appellant to pay his wife a total of $124.38 a month, which figure included the following credits:

$35.00 (one-half of fair rental value of home)

13.38 (one-half of taxes and insurance on home)

16.00 (one-half of family hospitalization coverage)

———

64.38

Appellee was, therefore, ordered to pay $60.00 per month, in addition to the aforementioned expenditures, for the support of his wife. Wife-appellant has appealed said Order, claiming that the lower court should have considered her husband's full earning capacity, i.e., $3.50 per hour x 8 hrs. x 4 days x 52 weeks, or $5,824.00 a year. Taking one-third of that figure, which would be the maximum amount allowable for the wife's support, see, e.g., *Commonwealth ex rel. Keeth v. Keeth,* 223 Pa. Superior Ct. 96, 289 A. 2d 732 (1972), appellant contends she should be entitled to approximately $162.00 per month in addition to a portion of income derived from the mutual fund investment.

———

[2] This figure did not include debts totalling $3,777.88, and a monthly allocation of sums paid for the benefit of his wife, such as taxes and insurance.

The foundation for a support order is a wife's right to such support from her husband as she might reasonably expect from one in his financial situation: *Commonwealth ex rel. Herman v. Herman*, 95 Pa. Superior Ct. 510 (1929); and, while the court's inquiry is not limited to the husband's actual earnings, it may not set the amount of the award beyond the husband's means, so as to be punitive and confiscatory in nature. *Commonwealth ex rel. Lipsky v. Lipsky*, 214 Pa. Superior Ct. 215, 251 A. 2d 729 (1969). An order may be entered against a husband only if he has sufficient financial ability to meet it, and such "sufficient ability" may be determined by all the attendant circumstances, such as earning capacity, the nature and extent of his property and his other financial resources. *White v. White*, 226 Pa. Superior Ct. 499, 313 A. 2d 776 (1973). The "earning capacity" of a husband is not, as the appellant would have us say, that amount which an individual could theoretically earn. "Earning capacity" is an amount which an individual could realistically earn under the circumstances, considering his health, age, mental and physical condition, and training. The lower court has a wide discretion in fixing an amount payable by a husband for his wife's support, and this award must be justified and supported by the evidence. *Commonwealth ex rel. Ross v. Ross*, 206 Pa. Superior Ct. 429, 213 A. 2d 135 (1965).

Considering the disability of the husband in the instant case, evidenced by a reduced income at a time the parties were still living together, we do not believe that the court's order was an abuse of discretion. If the actual earnings and withdrawals from the mutual fund are added and one-third of that sum is calculated, the amount would not reach $100.00 a month. It is obvious that in setting the award at $124.38 a month, the lower court arrived at a figure which is considered

fair and reasonable, taking into account the wife's needs and the husband's ability to pay.

As we said in *Commonwealth ex rel. McNulty v. McNulty*, 226 Pa. Superior Ct. 247, 251, 311 A. 2d 701 (1973): " 'In a support proceeding, the trial judge who sees and hears the witnesses is in a better position than the Superior Court to decide the issue on its merits.' Commonwealth ex rel. Friedman v. Friedman, 223 Pa. Superior Ct. 66, 67, 297 A. 2d 223 (1972). Absent a clear abuse of discretion an appellate court will not disturb a support order of the court below . . . ."

Order affirmed.