## Commonwealth ex rel. v. Bleech

*Michael Bleech,* relator, propria persona.
*Richard Leuthold,* for respondent.

WOLFE, *P. J.,* June 10, 1975—Michael Bleech, father of Gregory Mark Bleech, aged 16 years, has filed a nonsupport action before the district magistrate under section 4322 A-2 of the Crimes Code, alleging defendant has failed to support her son. Defendant was bound over to court and now makes a motion to quash the complaint on the grounds section 4322 of the Crimes Code of December 6, 1972, P.L. 1550 (No. 334), does not apply to or affect defendant since she is the acknowledged mother of the child and, in any event, has not separated herself from her child nor willfully neglected to maintain the child.

This case stems from a long and bitter dispute between the now divorced parents of the child, who is now residing with his father. It is the father's position the mother is obligated to assist in support of the child under the equal rights amendment to the Pennsylvania Constitution. Pa. Const. art. I, sec. 28, provides:

"Prohibition against denial or abridgement of equality of rights because of sex.

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of sex of the individual."

Section 4322(a) of the Crimes Code directs its language at the husband or father (sic):

"(a) Application for Relief—If any husband, or father, being within the limits of this Commonwealth, separates himself from his wife or from his children, or from both, without reasonable cause or willfully neglects to maintain his wife or children:

". . .

"(2) any justice of the peace or other magistrate, upon information made before him under oath or affirmation, by the wife or children, or either of them, of such husband or father, or by any person, may issue his warrant for the arrest of the person against whom the information shall have been made, and bind him over, with one sufficient surety, to appear at the Court of Common Pleas there to answer said charge of desertion."

In Conway v. Dana, 456 Pa. 536, 318 A. 2d 324 (1974), our Supreme Court stated (at p. 540):

"In the matter of child support we have always expressed as the primary purpose the best interest and welfare of the child. This purpose is not fostered by indulging in a fiction that the father is necessarily the best provider and that the mother is incapable, because of her sex, of offering a contribution to the fulfillment of this aspect on the parental obligation. . . .

"We can best provide for the support of minors by avoiding artificial division of the panoply of parental responsibilities and looking to the capacity of the parties involved. Support, as every other duty

encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability. Thus, when we consider the order to be assessed against the father, we must not only consider his property, income and earning capacity but also what, if any, contribution the mother is in a position to provide."

In Conway v. Dana the children resided with the mother, who was seeking support, and this decision makes it clear the trial court is obligated to consider the property and income of the mother in setting a support order against the father. Indeed, the income of a second wife contributing to defray family expenses must be considered in setting support orders against the husband for children of a first wife. Commonwealth ex rel. Travitzky v. Travitzky, 230 Pa. Superior Ct. 435 (1974), citing Conway v. Dana, supra, and holding:

"The lower court properly considered the earnings of the appellant-mother as the source of income for the minor children, as the duty to support minor children now equally rests on both parents where they are financially able to bear the burden." (p. 438)

As pointed out in Travitzky, historically, the sole duty of support emanated from the father but, through refining of the equal rights amendment, both parents, where they are financially able, are obligated to support their children: White v. White, 226 Pa. Superior Ct. 499, 313 A. 2d 776 (1973). However, as was pointed out in White, supra (footnote 4), a mother has the sole election to remain home with minor children and the courts may not interfere with this prerogative of the mother to give

her children love and guidance. "If a mother chooses to work, however, our courts have held that her earnings may be taken into consideration in fixing the amount of a support order."

In all these cases we have considered, the children have resided with the mother, who seeks the support order, and not, as in the instant case, where the child (from prior proceedings before this court has elected to live with his father) resides with his father. It must be remembered it is not the mother in the instant case who is seeking the support order for her child and we have found no cases under this factual situation compelling the mother under the Crimes Code to contribute to the support of her son residing with his father.

This is not to say, however, the mother is never responsible for the support of her son; indeed, the court, in Commonwealth ex rel. Lukens v. Lukens, 224 Pa. Superior Ct. 227 (1973), points out a wife has a legal duty to support an indigent husband under the Act of June 24, 1937, P.L. 2405, sec. 3, 62 P.S. §197.3. This act is very broad in its application and requires a family unit alternatively, husband, wife, child, father and mother of every indigent person, whether a public charge or not, if of sufficient financial ability to care for and maintain or financially assist such indigent person.

We recognize the equal rights amendment to our Constitution prohibits a distinction to be made solely upon sex of one parent in considering support orders and now both parents bear equal responsibility. However, we cannot, sua sponte, declare section 4322 of the Crimes Code unconstitutional. In the recent case of Wiegand v. Wiegand, 461 Pa. 482, 337 A. 2d 256 (1975), the court chided the Superior Court in its sua sponte decision that sec-

tions 11 and 46 of the Divorce Law were unconstitutional as contrary to the equal rights amendment to the Pennsylvania Constitution, the Supreme Court therein stating:

"The Superior Court by sua sponte deciding the constitutional issue exceeded its proper appellate function of deciding controversies presented to it. The Court thereby necessarily disturbed the process of orderly judicial decision making. Sua sponte consideration of issues deprive counsel of the opportunity to brief and argue the issues and the Court of the benefit of advocacy. In sua sponte dispositions of a tax upon the constitutionality of statutes, the Attorney General is denied the opportunity of appearing and responding to the constitutional challenge. See Pa.R.C.P. 235(a). Furthermore, sua sponte determinations raise many of the considerations that led this Court to require without exception that issues presented on appeal be properly preserved for appellate review by timely objection in the trial court. . . ."

Thus, although we strongly suspect section 4322 to be unconstitutional, we hesitate, sua sponte, in view of the above admonition to attempt such consideration. Further, it has not been established that respondent in the instant case has separated herself from her child without reasonable cause or that she has willfully neglected to maintain her child and an evidentiary hearing would be necessary to establish this allegation.

Complainant is not represented by counsel and thus the court will set the matter of the constitutionality down for argument, following which an evidentiary hearing will be had to determine the merits of the mother's obligation, if appropriate to determining the disposition of the question of constitutionality of section 4322 of the Crimes Code.

60

## ORDER

And now, June 10, 1975, the question of the constitutionality of section 4322 is set down for argument on July 2, 1975 at 9:30 a.m.