430 A.2d 323

COMMONWEALTH of Pennsylvania ex rel.
Jacqueline SIMPSON,

v.

Robert SIMPSON.

**Appeal of Jacqueline SIMPSON.**

Superior Court of Pennsylvania.

Argued March 17, 1980.

Decided May 22, 1981.

358

Richard E. Santee, Bethlehem, for appellant.

James R. Fiorentino, Bethlehem, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

The instant appeal is from the order of the Court of Common Pleas of Northampton County granting a petition for modification of a support order filed by appellant, Jacqueline Simpson, against her husband, appellee, Robert Simpson. The parties were married on March 17, 1951 and separated on October 16, 1975. Appellant filed a petition for support in February of 1976 and, on July 19, 1976, an order was entered directing appellee to make monthly support payments of $645.00. Thereafter, during the fall of 1977,

appellee voluntarily increased his monthly support payments by $150.00 and, in the fall of 1978, once again increased his payments by an additional $50.00 per month. Appellant filed a petition for modification of the 1976 support order in July 1979, and on August 14, 1979, the court modified its order and directed that appellee pay $820.00 per month. This appeal followed.

Our scope of review in a support proceeding is narrowly defined. "[O]rders of support from the court below will not be modified on appeal except for manifest abuse of discretion. *Commonwealth ex rel. Raitt v. Raitt*, 203 Pa.Super. 226, 199 A.2d 512 (1964)." *Commonwealth ex rel. Bergwerk v. Bergwerk*, 228 Pa.Super. 190, 192, 323 A.2d 243, 245 (1974). *See, e. g., Commonwealth ex rel. Levy v. Levy*, 240 Pa.Super. 168, 174, 361 A.2d 781, 785 (1976); *Commonwealth ex rel. Goichman v. Goichman*, 226 Pa.Super. 311, 316 A.2d 653 (1973). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will . . . discretion is abused." *Man O'War Racing Association, Inc. v. State Horse Racing Commission*, 433 Pa. 432, 451 n.10, 250 A.2d 172, 181 n.10 (1969), *quoting Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236, 237 (1934). If the instant order rests on any valid grounds, therefore, it must be sustained. *Commonwealth ex rel. Goichman v. Goichman, supra; Commonwealth ex rel. Fishman v. Fishman*, 213 Pa.Super. 342, 247 A.2d 810 (1968); *Commonwealth ex rel. Heineman v. Heineman*, 185 Pa.Super. 32, 137 A.2d 349 (1958).

Instantly, the original support order was based upon appellee's 1975 gross income of approximately $52,000.[1] Appellee's 1978 gross income, $68,000, was the basis for the modified support order. This represented an increase of $16,000, or approximately thirty percent (30%). The trial judge thus raised appellee's support obligation by $175, or

---

1. This figure appeared in appellant's original complaint and was adopted by appellee in his brief on this appeal.

twenty-seven percent (27%), from $645 to $820 per month.[2] The trial court deemed this increase sufficient since appellant was receiving approximately $100 per month in interest income and because, in the trial judge's estimation, she had the capacity to earn approximately $400 per month if employed.

■ Appellant contends that the trial court abused its discretion in attributing an earning capacity to her. She also argues that the court erred in fashioning an order that was "grossly inadequate" in view of *appellee's* earning capacity, the station of life to which the parties had become accustomed during their marriage and the fact that appellee had been voluntarily paying support in excess of that demanded by the court in its modification order. We disagree and thus affirm the order of the trial court.

Initially, we note that

a wife's "earning capacity" may be a material factor in arriving at a reasonable support order . . . . Where the children are of adult age and are no longer residing with the wife, or where no children are born of the marriage, an order of support which makes a husband fully responsible for the support of an employable wife is confiscatory. Where a wife's dependency on her husband is voluntary, and not prompted by some justifiable reason such as poor health, a court should take her employability into consideration when fixing the order of support. Under these limited circumstances, . . . a court may look to the earning capacity of a wife in determining the amount a husband must pay to support his wife.

*White v. White*, 226 Pa.Super. 499, 504–06, 313 A.2d 776, 780 (1973) (footnotes omitted). Instantly, appellant has no minor children, no serious illnesses, and she possesses a college degree. In these circumstances, we refuse to hold that the trial judge abused his discretion in considering appellant's employment prospects if, in fact, such prospects exist.

2. Even had the trial judge increased appellee's support obligation by 30% in direct proportion to the increase in appellee's income, his monthly support obligation would have been $839, a difference of only $19 from the order actually entered.

Appellant argues, however, that the trial judge abused his discretion since appellee produced no evidence regarding the availability of jobs or the salaries for such jobs. We disagree.

Admittedly, we do not define a person's "earning capacity" as an "amount which [said person] could theoretically earn." *Commonwealth ex rel. Malizia v. Malizia,* 229 Pa.Super. 108, 111, 324 A.2d 386, 388 (1974). Rather, we consider it to be that "amount which [the person] could *realistically* earn under the circumstances, considering his [or her] health, age, mental and physical condition and training." *Id.* (emphasis added). Nonetheless, compliance with this definition does not require that the court have before it *absolute proof* of employability prior to reaching a decision on the "earning capacity" issue.

> In determining whether a wife is employable, the court should take into consideration the amount of time that a wife during her marriage has been out of work. If a wife has been a housewife during all or most of a marriage, relegating the "bread-winning" role to the husband, that is a relevant factor. Certainly, a woman who has been off of the "job market" for a considerable period of time may have a more difficult time in obtaining employment than a woman who possibly terminated her employment shortly before the support proceedings or after the separation. Employability, after all, means more than just the availability of work, the relative skills of the worker, the health and stamina of the worker, and the absence of children in the home for which the wife would have responsibility. A court should consider all of the above factors and measure those elements with the duration of the unemployment experienced by the wife.

*White v. White,* 226 Pa.Super. at 505 n.5, 313 A.2d at 780 n.5.

In our estimation, the trial judge complied with this formula in his resolution of the instant dispute.

> [T]he Court considered the fact that [appellant] was a college graduate and had no minor children to care for. The Court recognized that [appellant] has some health

problems, but also noted that [appellee] has continued to work for many years in spite of his health problems which seem more serious. Additionally, the Court considered the fact that [appellant] has not attempted to find work since 1976. On the other hand, the Court did take into account the amount of time that [appellant] was out of work during the marriage due to the fact that she was a housewife, and realized that this might make it more difficult for her to obtain employment. The *White* case holds that this time spent off the job market during marriage is a "relevant factor." *White,* supra, 226 Pa.Super. at 505, n.5 [313 A.2d at 780 n.5]. This Court treated it as such and balanced it with all the other factors previously discussed, as the *White* case mandates. *White,* supra, 226 Pa.Super. at 505 n.5 [313 A.2d at 780 n.5]. The Court found that some earning capacity should be attributed to [appellant]; but because of her long period out of the job market, and because of some health problems, concluded that the amount of only approximately $400.00 per month represented her earning capacity. The Court does not believe this is an excessive amount for a college graduate. Slip op. at 3.

▓▓▓ An earning capacity of $400 per month, which computes to $4,800 per year, $92.31 per week, or $2.31 per hour is well below that possessed by a person earning the minimum wage. A person paid the minimum wage would earn $3.75 per hour, $150 per week, $650 per month, or $7,800 per year. In view of the $250 difference between the monthly earning capacity attributed to appellant and the monthly earning capacity possessed by a person earning the minimum wage, we fully concur with the trial judge's conclusion that $400 per month is not excessive. This is particularly so when, as here, appellant has shown no need for an amount in excess of what she is receiving under the modified order.[3]

3. "The purpose of the order for support is to assure the party *requiring* support a reasonable living allowance." *Commonwealth ex rel. Bishop v. Bishop,* 234 Pa.Super. 600, 606, 341 A.2d 153, 156 (1975) (emphasis added). When one spouse has been financially dependent upon the other during their marriage, the wage earning

The earning capacity attributed to appellant was used simply as a means for offsetting the high monthly support payments which appellee is obligated to make. Appellant may choose to work if she desires a monthly income in excess of the $820 to which the court deemed her entitled. The court's order does not, however, *require* that she work to support herself. *See White v. White*, 226 Pa.Super. at 504 n.4, 313 A.2d at 780 n.4. Thus, we can only conclude that the trial court did not abuse its discretion in attributing an earning capacity to appellant.

Of appellant's remaining arguments, only her contention that the trial court erred in awarding less than appellee had been voluntarily paying merits consideration.[4] The trial court had initially ordered appellee to pay $645 per month in support. Thereafter, appellee voluntarily increased that amount to $845, based, in part, upon his increased income. Appellant subsequently filed a petition for modification likewise based upon appellee's increased income. The result of her petition was an order directing appellee to pay $820 per month. Appellant now contends that the modified order was necessarily required to be in an amount at least equal to that which appellee was voluntarily paying. We disagree.

spouse is obligated to support the financially dependent spouse following a separation for adequate legal cause. *Larkin v. Larkin*, 262 Pa.Super. 294, 297, 396 A.2d 761, 763 (1978). Since the term "support" connotes at least some degree of need and dependency, however, "a proceeding for support cannot be used for the purpose of securing a ... share of [the other spouse's] estate or for the purpose of recovering property to which [he or] she might otherwise be entitled." *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa.Super. 428, 436, 323 A.2d 766, 771 (1974). Rather, the party seeking support must prove that he or she is financially dependent upon the other spouse and thus in need of support. *See Commonwealth ex rel. Schlesinger v. Schlesinger*, 231 Pa.Super. 284, 286, 331 A.2d 694, 695 (1974).

4. Appellant's argument that the amount awarded was "grossly inadequate" in view of appellee's earning capacity and the station in life to which the parties had become accustomed during their marriage should have been raised at the *initial* support hearing. Such an argument is irrelevant in our consideration whether the modified order is proper in view of the changed circumstances allegedly justifying the modification.

■ Parties are free to enter into agreements regarding the payment of support and, when such agreements are entered into freely, the parties may be bound thereby. Axiomatically, however, even a valid agreement of the parties is "ineffective to oust the jurisdiction of the court." *Commonwealth ex rel. Roviello v. Roviello,* 229 Pa.Super 428, 434 n.3, 323 A.2d 766, 770 n.3 (1974). A voluntary act can be of no greater legal effect. The trial court was not, therefore, bound to enter an order in accordance with appellee's past practice.

Accordingly, the order of the court of common pleas increasing the support obligation of appellee is affirmed.